MARKUS W. LOUVIER, #39319
Evans, Craven & Lackie, P.S.
818 West Riverside, Suite 250
Spokane, WA 99201-0910
Tel: (509) 455-5200
Fax: (509) 455-3632
mlouvier@ecl-law.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASSAUNDRA MAXWELL, on her own behalf and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.,<br><br>*Defendant*. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Removed from Snohomish County Superior Court<br>Case No. 25-2-10070-31<br><br>[28 U.S.C. §§ 1332(a), 1441, 1446, and 1453] |

## I. NOTICE OF REMOVAL

Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") hereby removes the subject action from the Superior Court of the State of Washington in Snohomish County to the United States District Court for the Western District of Washington. Two independent grounds support removal. First, diversity jurisdiction exists under 28 U.S.C. § 1332—there is complete diversity between the parties, and the amount in controversy exceeds $75,000 for the named Plaintiff, exclusive of interest and costs. Second, removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453 pursuant to the Class Action Fairness Act ("CAFA"). There is complete diversity, the proposed class has more than 100 members, and the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs.

Ulta denies Plaintiff's allegations and the requested relief. Ulta further preserves any and all defenses, exceptions, or obligations that may exist in its favor. Should Plaintiff challenge Ulta's removal, Ulta will provide additional evidence to support the allegations of this pleading, if appropriate.

## II. PROCEDURAL BACKGROUND

1. On October 7, 2025, Plaintiff Cassaundra Maxwell ("Plaintiff") filed a Complaint in the Superior Court of the State of Washington in Snohomish County (the "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. On November 20, 2025, Plaintiff served copies of the Summons and Complaint. True and correct copies of these documents are attached hereto as Exhibit 2.

3. In the Complaint, Plaintiff alleges that commercial emails to Washington citizens sent by Ulta violated Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA") because the emails allegedly contain false or misleading information in their subject lines. *See* Compl. ¶¶ 1–6, 14–19, 20–27, 40(a)–(mm), 62–69, 70–75. Plaintiff seeks actual damages, trebled statutory damages, and attorneys' fees and costs per RCW 19.86.090.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*See id.* ¶¶ 80–81.

4. Plaintiff alleges that she is a resident of Washington, Compl. ¶ 12, and purports to bring this lawsuit on behalf of a putative class of "[a]ll Washington residents" who received an email from Ulta that "stat[ed] or impl[ied] that the recipient of the email [would] be given a free product." Compl. ¶ 47.

## III. REMOVAL IS TIMELY

5. As required by 28 U.S.C. § 1446(b), Ulta is filing this Notice of Removal well within thirty (30) days of receipt and service of the Complaint, given that service occurred on November 20, 2025.

6. On October 7, 2025, Plaintiff filed the Complaint. *See* Exhibit 1.

7. On November 20, 2025, Plaintiff served copies of the Summons and Complaint. *See* Exhibit 2.

8. Thirty days from Plaintiff's November 20, 2025 service date is December 20, 2025. Because this Notice of Removal was filed well before December 20, 2025, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 354 (1999); *see also Russo v. Fed. Med. Servs., Inc.*, 756 F. Supp. 3d 748, 755 (N.D. Cal. 2024) (addressing removal standards under CAFA). Ulta has not filed a previous Notice of Removal or made a request for the relief sought herein.

## IV. VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Washington is the appropriate court for removal of an action from Snohomish County Superior Court.

## V. DIVERSITY JURISDICTION

10. This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

controversy exceeds $75,000 for the named Plaintiff, exclusive of interest and costs.

**A. <u>Complete Diversity Exists</u>.**

11. Plaintiff and Ulta are citizens of different states.

12. "An individual is a citizen of the state in which he is domiciled[.]" *Boon v. Allstate Ins.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (internal citations omitted). When evaluating diversity of citizenship jurisdiction, citizenship is decided by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is decided by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019 (internal citation omitted). Evidence of continuing residence creates a favorable presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345–46 (3d Cir. 2011); *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

13. Starting with named Plaintiff, she alleges that she resides in Snohomish County and is a resident of the State of Washington. Compl. ¶ 12. Accordingly, Plaintiff was and is domiciled in Washington and is a citizen of the State of Washington.

14. As to Ulta, a corporation is determined to be a citizen of the state in which it has been incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). For this inquiry, the "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

15. Ulta is incorporated in Delaware and has its principal place of business in Bolingbrook, Illinois. As a result, Ulta is a citizen of Delaware and Illinois.

16. Complete diversity pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) exists because



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

this is a civil action between citizens of different states: Washington, Delaware, and Illinois.

**B. <u>The Amount in Controversy Exceeds $75,000 for the Named Plaintiff</u>.**

17. The amount-in-controversy requirement under 28 U.S.C. § 1332(a) is also fulfilled because Plaintiff's Complaint seeks an amount in excess of $75,000 for the named Plaintiff. Specifically, Plaintiff requests (1) statutory damages[1] in the amount of $500 for each purported violation of CEMA pursuant to RCW 19.190.040(1); (2) treble damages pursuant to RCW 19.86.090; and (3) costs and attorneys' fees in connection with this litigation, pursuant to RCW 19.86.090. *See* Compl. ¶ 81; Prayer. These three damages components easily exceed $75,000 for the named Plaintiff.

18. Ulta need not prove the amount in controversy for purposes of this Notice of Removal. Instead, it need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Academy of Country Music v. Continental Casualty Co.*, 991 F.3d 1059, 1068–70 (9th Cir. 2021) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014)). "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal quotations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions").

19. For purposes of determining the amount in controversy for removal, a court may include actual damages and attorneys' fees authorized by contract or statute. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007); *see also Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"); *see also Trepanier v. Progressive Direct*

---

[1] Ulta disputes that Plaintiff can seek statutory damages under the terms of CEMA and the CPA. Yet, for purposes of diversity jurisdiction, these amounts may be included.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*Ins.*, No. C-12-0987-JCC, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012) ("[T]he amount in controversy includes not just actual damages, but also statutorily authorized attorneys' fees and treble damages.").

20. Plaintiff claims that a violation of the Washington statutes occurs each time Ulta initiates an email to the proposed class. *See* Compl. ¶¶ 8, 68, 77–78, 80.

21. Plaintiff also seeks treble damages under RCW 19.86.090. Compl. ¶ 81. Treble damages are included in the calculation of damages for diversity jurisdiction. *See, e.g.*, *Ten Bridges, LLC v. Midas Mulligan, LLC*, 522 F. Supp. 3d 856, 871 (W.D. Wash. 2021).

22. Since Plaintiff is seeking treble damages, each purported statutory violation equates to $500 times 3, or $1,500, per email.

23. Plaintiff alleges that she received 39 emails between January 14, 2024 and March 9, 2025. Compl. ¶¶ 40(a)–(mm), 41, 45. Thirty-nine emails at $1,500 each is $58,500 total for Plaintiff. *See id.* ¶¶ 42–46, 81.

24. In addition, Plaintiff also seeks to recover attorneys' fees. Compl. ¶¶ 8, 81; Prayer. When, as here, Washington law permits recovery of attorneys' fees, potential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold. *See Guglielmino*, 506 F.3d at 700–01; *see also Fritsch*, 899 F.3d at 788, 794–96. A defendant does not need to prove to a legal certainty that a plaintiff will be awarded the proffered attorneys' fees in the removal notice. *See Dart Cherokee*, 574 U.S. at 87–89 (ruling that a notice of removal need contain only a plausible allegation of the amount in controversy).

25. Here, assuming Plaintiff's counsel recovers even 1/3 of the $58,500 in statutory and exemplary damages sought, that is an additional $19,500, bringing the total to $78,000, well over the $75,000 amount-in-controversy threshold. As a result, Plaintiff's claims for statutory and treble damages are sufficient for diversity jurisdiction as the amount exceeds the $75,000



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

amount-in-controversy threshold.

26. Based on the foregoing, the amount-in-controversy requirement per Plaintiff is satisfied.

27. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this action is properly removed to this Court.

## VI. ALTERNATIVELY, THE COURT HAS JURISDICTION UNDER CAFA

28. In addition to diversity jurisdiction, removal is also proper under CAFA and pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453. This is a putative class action[2] with more than 100 class members, minimal diversity exists, and the total amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs. Ulta denies that Plaintiff—or the class she purports to represent—is entitled to the relief requested in the Complaint and denies Plaintiff's factual allegations. Even so, all requirements for jurisdiction under CAFA have been met here.

### A. Diversity of Citizenship Requirement Is Met.

29. Under CAFA, a party seeking removal is required to show that minimal diversity exists, i.e., that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (holding that to achieve its goals, CAFA gives expanded diversity jurisdiction for class actions that meet the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

30. As discussed above, Plaintiff Maxwell is a citizen of Washington, and Ulta is a citizen of Illinois and Delaware for purposes of diversity jurisdiction. *See supra* ¶¶ 13, 15. Therefore, minimal diversity of citizenship exists for this Court to have jurisdiction under 28 U.S.C. § 1332(d)(2) and therefore under CAFA.

---

[2] Ulta denies that class certification is appropriate and reserves the right to contest class certification at the appropriate time in the proceedings.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**B. <u>The Proposed Class Has More Than 100 Members</u>.**

31. While Plaintiff alleges that "the Class consists, at a minimum, of 50 consumers," the proposed class includes "[a]ll Washington residents to whom Ulta sent, within four years before the date of the filing of the complaint until the date of trial, an email with a subject line that states or implies that the recipient of the email be given a free product." Compl. ¶¶ 47, 49.

32. The putative class definition encompasses more than 100 proposed class members. This is because Ulta sent emails with a subject line referencing a free product to more than 100 customers who have a Washington mailing address in Ulta's records, during the putative class period, which is between October 7, 2021 and October 7, 2025. Exhibit 3 hereto (Jodi Williams Declaration) ¶ 4.

33. As a result, CAFA's requirement that a proposed class membership comprise of at least 100 members is met. 28 U.S.C. § 1332(d)(5)(B).

**C. <u>The Amount in Controversy Exceeds $5 Million</u>.**[3]

34. Pursuant to CAFA, claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

35. The defining question is what amount a plaintiff's complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201–03 (9th Cir. 2015) (citation omitted) (confirming the directive to courts that they are "to first look to the complaint in determining the amount in controversy"); *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) ("At that

---

[3] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Ulta refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Ulta maintains that each of Plaintiff's claims lacks merit and that Ulta is not liable to Plaintiff or any putative class member in any amount. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400–01 (9th Cir. 2010).



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."). The defendant's burden to meet the jurisdictional amount requirement under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (emphasis in original) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on his contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–99 n.1 (9th Cir. 2015) (when alleging an amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy").

36. "[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *See Jauregui*, 28 F.4th at 993 (quoting *LaCross*, 775 F.3d at 1201); *see also Marano v. Liberty Mut. Grp., Inc.*, No. SA-cv-20-02215-JCJ, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) ("A removing defendant may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'") (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)); *see also Kleinsasser v. Progressive Direct Ins.*, No. C-17-5499-BHS, 2018 WL 3471185, at *11 (W.D. Wash. July 19, 2018) (holding that overall the defendant's "chain of reasoning and underlying assumptions are reasonable" even if its proposed calculation "overestimates some individual damages" and finding that the removing defendant met its burden to establish that the amount in controversy



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

was over $5 million).

37. In evaluating an amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). When the complaint is "lacking in factual allegations," a defendant seeking removal is particularly "justified in employing reasonable estimates" to calculate the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325-FCD-EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought").

38. While Ulta denies Plaintiff's factual allegations and denies that Plaintiff or the class she seeks to represent are entitled to any of the requested relief, it is clear that the allegations in the Complaint put more than $5 million into controversy when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

#### *i.* ***<u>Plaintiff's Allegations Regarding Violations of CEMA and the CPA Establish over $5 Million in Controversy.</u>***

39. Plaintiff alleges that Ulta violates CEMA and the CPA when it "designs the subject lines of its marketing emails to tap into consumer urges to obtain free products, and in doing so, attempts to induce consumers into spending more money than they otherwise would." Compl. ¶ 25. Plaintiff claims that Ulta violated Washington consumers' rights under CEMA and the CPA and seeks statutory damages, treble damages, attorneys' fees, interest, and other relief as the court deems appropriate. *Id.* ¶¶ 77–78, 80–81; Prayer.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

40. Based on Plaintiff's allegations, the amount in controversy exceeds $5 million. Plaintiff alleges that the proposed class includes "[a]ll Washington residents to whom Ulta sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that the recipient of the email will be given a free product." Compl. ¶ 47.

41. Ulta sent more than 10,000 emails with subject lines referencing a free product to customers who have a Washington mailing address in Ulta's records during the putative class period, which is between October 7, 2021 and October 7, 2025. Exhibit 3 hereto (Jodi Williams Declaration), ¶ 5. The jurisdictional threshold is indisputably met. 10,000 emails x $500 statutory damage x 3 (treble damages requested) = $15,000,000.

42. Accordingly, the $5,000,000 amount-in-controversy threshold is satisfied for the putative class.

***ii. Plaintiff's Request for Attorneys' Fees Establishes Additional Amount in Controversy, Further Exceeding the CAFA Requirement.***

43. Plaintiff also seeks recovery of attorneys' fees. Compl. ¶¶ 8, 81. Attorneys' fees are appropriately included in establishing the amount in controversy. *See Fritsch*, 899 F.3d at 788 (holding that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice[.]" *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88).

44. Ulta denies Plaintiff's claim for attorneys' fees. Even so, for removal purposes, the Ninth Circuit has held that future attorneys' fees estimates may be based on "customary rates . . . and proper fees," and that "a percentage-based method" may also be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795, 796 n. 6.

45. Even though Ulta has already shown by a preponderance of the evidence that the



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

amount in controversy for the purported class of at least 100 members exceeds $5 million, *supra* ¶¶ 39–42, including attorneys' fees would accordingly increase the amount in controversy even further above that $5 million requirement.

46. Consistent with precedent in other class actions, the preponderance of the evidence shows that attorneys' fees are more than likely to increase the amount in controversy by at least $1 million if this case is litigated through trial, further exceeding the $5 million threshold for removal under CAFA. *See, e.g.*, *Williams v. PillPack LLC*, No. 3:19-cv-05282-DGE, 2025 WL 1149710, at *3 (W.D. Wash. Apr. 18, 2025) (granting request for attorneys' fees of more than $2 million); *Holt v. Communityamerica Credit Union*, No. 4:19-CV-00629-FJG, 2020 WL 12604384, at *1–2 (W.D. Mo. Dec. 8, 2020) (granting fee award of $1,026,145.33 on settlement amount of $3,078,436.00); *see also In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only $288 per hour).

**D. <u>CAFA'S "Home State" and "Local Controversy" Exceptions Do Not Apply</u>.**

47. CAFA's "home state" and "local controversy" exceptions do not apply to this removal. The "home state" exception prevents CAFA removal only when all "primary defendants" are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) ("[The home state] test requires that *all* 'primary defendants' be residents of the same state in which the action is filed."). Ulta is not a citizen of Washington and, accordingly, this exception does not apply.

48. Likewise, under the "local controversy exception," at least one defendant must be "a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Again, Ulta is not a citizen of the State of Washington where the action was filed, making both the local controversy exceptions inapplicable. *See supra* ¶ 15.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## VII. NOTICE

49. Ulta will promptly serve this Notice of Removal on all parties and will file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

50. By filing this Notice of Removal, Ulta does not waive any defenses or arguments available to it and does not admit to any of Plaintiff's allegations.

## VIII. CONCLUSION

51. Based on the foregoing, removal is proper to this Court, and Ulta hereby removes this case to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Ulta preserves any and all defenses to the Complaint and requests that all further proceedings in this action be conducted in this Court.

DATED this 8th day of December 2025.

EVANS, CRAVEN & LACKIE, P.S.

By: */s/ Markus Louvier*__________

MARKUS W. LOUVIER, #39319
818 West Riverside, Suite 250
Spokane, WA 99201
Tel: (509) 455-5200
Fax: (509) 455-3632
mlouvier@ecl-law.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and I caused to be served a true and correct copy of the foregoing via US mail addressed to the following:

Jeffrey C. Toppe
The Toppe Firm, LLC
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
Tel: (323) 909-2011
Email: jct@toppefirm.com

Ellery Johannessen
Johannessen Law, PLLC
5400 California Ave. SW, Suite B
Seattle, WA 98136
Tel: (206) 594-0500
Email: ellery@eaj-law.com

*_/s/ Markus Louvier_*
Markus Louvier
818 West Riverside, Suite 250
Spokane, WA 99201
Tel: (509) 455-5200
Fax: (509) 455-3632
mlouvier@ecl-law.com



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632